NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**PETER D. SAX**
Assistant United States Attorney
Peter.Sax@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:22-cr-00337-IM |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JOHN MICHAEL CHRISTIAN,** | |
| Defendant. | |

The government recommends that the Court impose a sentence of 24 months' imprisonment, to be followed by three years of supervised release.

## BACKGROUND

In spring 2019, DEA Portland identified defendant as a heroin dealer who operated out of a room at a local hotel. As part of the investigation, agents conducted a vehicle stop of defendant. They searched defendant but found no drugs. Agents took defendant into custody on an outstanding state warrant for PCS heroin and lodged him at Multnomah County Jail. In a

recorded jail call, defendant instructed his girlfriend to quickly remove his things out of the hotel room. Agents surveilled the hotel room, observed defendant's girlfriend and intercepted her vehicle as she departed the hotel. A subsequent search of the girlfriend's vehicle resulted in the discovery of a small safe containing 230 grams of heroin and 251 grams of methamphetamine. These drugs belonged to defendant. Some of the drugs were intended for defendant's personal use, but most were intended for distribution.

While he was in custody in Multnomah County Inverness Jail in summer 2019, defendant conspired with his girlfriend to smuggle heroin into the facility. Acting at defendant's instruction, defendant's girlfriend left bundles of heroin at a dead drop outside the jail's perimeter. Members of work crew that operated outside the boundaries of the jail retrieved the packages from the hidden location and brought them inside the jail. In total, defendant's girlfriend deposited 4 bundles of heroin, with each bundle containing between 3 to 6 grams. She did this at defendant's request. The heroin was used by the inmates, including by defendant.

Defendant was charged by criminal complaint and in November 2022, he pleaded guilty to a two-count superseding information. At the time of defendant's plea, the parties executed a plea agreement. Its salient terms are as follows:

- **Factual Basis**: Count 1 - Defendant admits that he possessed 219 grams of heroin and 240 grams of a mixture or substance containing methamphetamine that he intended to distribute; Count 2 – defendant admits that he conspired with others to smuggle heroin inside MCIJ, and that 4 bundles of heroin were successfully smuggled into the facility. Each bundle contained between 3-6 grams of heroin.

- **Base Offense Level:** The parties agree that the base offense level for Count 1 is 26 and for Count 2 is 14, prior to adjustments.

- **Correctional Facility Enhancement:** The parties agree that a 2-level increase applies to Count 2 because an object of the offense was to distribute drugs in a jail.

- **3553(a) Variance**: The government will request a downward variance in defendant's offense level.

- **Safety Valve**: The government will recommend a two-level downward variance if defendant qualifies for the safety valve.

- **Over-Represented Criminal History**: The parties agree that the Court should apply a downward departure, equivalent to defendant having a CHC of IV.

- **Sentencing Recommendation**: The government will recommend a combined total sentence of 24 months' imprisonment, and that any sentence imposed on Count 2 will run concurrently with Count 1. Defendant may recommend any sentence he deems appropriate.

- **Waiver of Appeal/Post-Conviction Relief**: Defendant agreed to waive appeal and post-conviction relief with the usual exceptions.

## GOVERNMENT'S SENTENCING RECOMMENDATION

In negotiating the plea agreement, the parties did not contemplate the grouping of the offenses and instead treated the two counts as separate and independent, with the sentences to run concurrently. Accordingly, the sentencing calculations set forth in the plea agreement are premised on a base offense level of 26. If the Court opts to group the two offenses when calculating the guidelines, it may reach the outcome intended by the parties via an additional downward variance under Section 3553(a). After all adjustments are applied, defendant's total adjusted offense level is 13.

The government agrees with the criminal history calculations set forth in the PSR, with defendant falling within CHC VI. (PSR ¶ 55). Given the nature of defendant's criminal history and his serial PCS heroin convictions, the parties agree that the Court should apply a downward departure, equivalent to defendant being CHC IV. At total adjusted offense level 13 and CHC IV, the advisory guidelines range is 24-30 months' imprisonment. Here, the government recommends the low-end of that range: 24 months' imprisonment.

A 24-month sentence is appropriate given the offense conduct and the sentences already imposed on similarly situated individuals. Defendant's girlfriend, who was CHC I and had a base offense level of 24, was previously sentenced to time served (14 days), and three years of supervised release. (21-cr-00303-BR-1). But she was responsible for a smaller quantity of drugs (relevant conduct of 80 grams of heroin), had minimal criminal history, and her participation in the jail smuggling scheme was at the request of defendant. Other inmates involved in the jail smuggling scheme were prosecuted by the Multnomah County District Attorney's Office and received sentences consistent with the government's recommendation here. The government's sentencing recommendation also credits defendant for his successful completion of inpatient drug treatment, his extended period of sobriety, and his academic achievement at community college. In sum, a 24-month sentence will provide adequate punishment for the defendant and protect the community from defendant's crimes, all while also satisfying the requirement of 18 U.S.C. § 3553(a), as a "sentence sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2).

Dated: May 1, 2023.                                        Respectfully submitted,

                                                           NATALIE K. WIGHT
                                                           United States Attorney


                                                           */s/ Peter D. Sax*
                                                           PETER D. SAX
                                                           Assistant United States Attorney